# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMPSON BLEH | : CIVIL ACTION |
| v. | : |
| GEORGE W. HILL CORRECTIONAL FACILITY, CERT TEAM, SGT ROYALS, SGT CARTER, LT MOODY and CEROTE | : NO. 19-CV-5417 |

## MEMORANDUM

**Savage, J.**                                                                                                    **January 22, 2020**

Plaintiff Sampson Bleh, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application for leave to proceed *in forma pauperis*. He alleges that his constitutional rights were violated when he was shot with a bean bag and beaten by officers while he was incarcerated at GWH. He has named as defendants the George W. Hill Correctional Facility ("GWH"), Cert Team, Sgt Royals, Sgt Carter, Lt Moody, and (Correctional Officer) Cerote.

For the following reasons, we shall permit Bleh to proceed without the payment of filing fees and we shall dismiss his Complaint as to GWH and CERT Team with prejudice and as to defendants Sgt Royals, Sgt Carter and Lt Moody without prejudice for failure to state a claim.

## Factual Allegations

In his brief Complaint, Bleh alleges that on September 2, 2019, he was shot with a bean bag and beaten "by the officer," whom he does not identify, while he was "cuffed and lying on the floor".[1] He also alleges that Cerote kicked him in the ribs and "got on

---

[1] Compl. at 3 (Doc. No. 2). We adopt the pagination supplied by the CM/ECF docketing system.

top of [him] and started striking [him] on [the] back of [his] head with punches and banging [his] chin on the floor.[2] After the incident, he went to the medical unit where he complained of migraine headaches and pain to his hernia from being kicked.[3] A nurse gave him ibuprofen for his pain and told him there was nothing he could do about his hernia because it was not a life-threatening condition.[4]

## Standard of Review

Because it appears that he is not capable of paying the fees to commence this civil action, Bleh will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). S*ee Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Bleh is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

We construe Bleh's complaint of conditions of confinement at GWH as raising constitutional claims pursuant to 42 U.S.C. § 1983. GWH is not a proper defendant because a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted). Thus, the § 1983 claim against GWH is dismissed because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

Likewise, the CERT Team is not a person. It is not subject to suit under § 1983.

Although Bleh lists Sgt Royals, Sgt Carter and Lt Moody in the caption of his Complaint, he does not allege that any of these defendants acted to violate his constitutional rights. He does not identify any of these defendants as having been involved in the incident he describes. Therefore, because Bleh alleges no facts to support claims against Sgt Royals, Sgt Carter and Lt Moody, these defendants are dismissed without prejudice.

## Conclusion

For the foregoing reasons, we shall dismiss Bleh's claims against GWH and CERT Team with prejudice, and dismiss his claims against Sgt Royals, Sgt Carter and Lt Moody

without prejudice. Bleh will be granted leave to file an amended complaint if he is able to cure the defects with regard to his claims against Sgt Royals, Sgt Carter and Lt Moody. If Bleh does not file an amended complaint, only his excessive force claim against defendant Cerote will proceed.

/s/ TIMOTHY J. SAVAGE J.